CLEMENT, State Commissioner of Excise, v. STRATTON et al.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

CRIMINAL LAW (§ 780*)—ACCOMPLICES—EVIDENCE—INSTRUCTIONS.

Where, in an action on a liquor tax bond for violations of the liquor tax law, special agents of the excise department testified to violations, and on cross-examination were asked whether they did not know that they violated the law when they bought the liquor to become witnesses, the refusal to charge that the agents were engaged in no unlawful practice when they sought to purchase liquor to become witnesses was reversible error.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 780.*]

Kellogg and Chester, JJ., dissenting.

Appeal from Trial Term, Ulster County.

Action by Maynard N. Clement, as State Commissioner of Excise, against Addieson Stratton and another. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

See, also, 126 App. Div. 939, 110 N. Y. Supp. 1125.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Russell Headley (Royal R. Scott, of counsel), for appellant.
William D. Brinnier, for respondents.

SMITH, P. J. This action was brought to recover $500 upon a liquor tax bond. The defendant the American Fidelity Company gave its bond, which was conditioned that, if the defendant Stratton should violate the provisions of the liquor tax law at any time during his holding of the liquor tax certificate issued to him, the said defendant would pay to the state the sum of $500. The plaintiff sought in the action to prove by four special agents of the department that the liquor tax law had been violated upon two occasions, one upon the 27th day of October, 1907, and the other on the 10th day of November, 1907. The sole question litigated was the question of fact as to whether the plaintiff had established his cause of action for a violation of the law upon those dates. Two of the special agents swore to the violation upon one date, and the remaining two to the violation of the law upon the other date. Upon their cross-examination they were asked whether they did not know that they were violating the law when they purchased the liquor, and two of the witnesses answered yes. The case was submitted to the jury by the trial judge in an explicit and fair charge. At the close of the main charge, he was asked by the plaintiff's counsel to charge:

"That it is not unlawful for special agents of the commissioner of excise to purchase or offer to purchase liquors during hours when it is unlawful to sell such liquors.

"The Court: I decline that, except as covered by the charge already made. I charge that it is unlawful for a man to sell during those hours.

"Mr. Fish: I except."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the main charge the subject of the request was not mentioned. The plaintiff contends that in view of the cross-examination of the plaintiff's witnesses he was entitled to the explicit instruction by the court that these special agents were not engaged in an unlawful transaction at the time that they offered to purchase the liquors for the sale of which this defendant is claimed to be made liable upon its bond. On the other hand, it is claimed that this was not one of the issues in the case, and that at the most it was in the discretion of the court to make the charge requested, and that no error can be predicated upon its refusal so to do.

Courts are created for the enforcement of the law. It is impossible to obtain witnesses for the violation of the excise law from that class who are beneficiaries of that violation. Unless the evidence can be obtained through special agents paid a regular salary and representing the department, the enforcement of law becomes impossible. It may be that some special agents are unworthy of credit. The fact that they are purchasing liquor for the purpose of becoming witnesses of its violation, or that they are in a sense detectives for the excise department, creates an unwarranted prejudice in the minds of many jurors as against all of such witnesses. Defendant's counsel, by the questions asked of the plaintiff's witnesses, had represented to the jury that they were violating the law at the time that they were procuring the evidence which it was their duty under the law to procure. Their evidence was then submitted to the jury under the false stigma of having been unlawfully procured. The issue of fact was one closely contested, and it was the duty of the court to give to the plaintiff such rulings as would present the case fairly in behalf of the plaintiff as well as in behalf of the defendant, and in such a manner as would eliminate any element which would naturally and improperly prejudice either party. I am of the opinion, therefore, that the court should fairly have instructed the jury that the plaintiff's witnesses were engaged in no unlawful practice when they sought to purchase liquor of the defendant during prohibited hours, and for his refusal so to charge that the plaintiff is entitled to a retrial of the action. People v. Emerson, 5 N. Y. Supp. 374; People v. Noelke, 94 N. Y. 142, 46 Am. Rep. 128; Commonwealth v. Willard, 22 Pick. (Mass.) 476. Judgment and order reversed and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG, J., dissenting in opinion, in which CHESTER, J., concurs.

JOHN M. KELLOGG, J. (dissenting). The court charged:

"That the special agents of the commissioner of excise were in the performance of their duty prescribed by statute, and should not be treated by the court or by the jury as private detectives or with the suspicion that they are associated with mere spotters, paid informers, and those that are given compensation depending upon certain results being obtained."

Plaintiff's counsel then asked the court to charge:

"That it is not unlawful for a special agent of the commissioner of excise to purchase or offer to purchase liquors during the hours when it is unlawful to sell such liquors."

The court declined except as covered by the charge already made, and then charged that it is unlawful for a man to sell during those hours. It also charged, at the defendant's request:

"The relation of special agents to the case and their interest or prejudice therein, if any, should be left for the consideration of the jury on the facts appearing in each particular case."

The prevailing opinion favors a reversal for the refusal to charge the above request. If the verdict is not justified by the evidence, it should be reversed for that reason. The court should not reverse upon a ground that has no substantial merit. Whether it was lawful or unlawful for the agents to solicit and obtain a drink of the defendant was entirely immaterial. It is splitting hairs to say that whether the act was technically lawful or unlawful might affect the credit to be given to the special agents. They and their actions were before the jury. The court charged that in doing what they did they were in the performance of a duty prescribed by the statute. It is impossible to state in stronger terms that their acts were not censurable. If the request had been charged, it could have presented them in no more favorable light. The request fairly means that a person who is a special agent may obtain liquor to drink from one who is committing a crime in selling it to him, and that the agent's acts are not unlawful. The request is not limited to the acts of the agent in good faith, or to the acts done by him in obtaining evidence or in the performance of his duties, and on any theory was therefore properly refused. The plaintiff suffered no harm therefrom. An act may be unlawful which is not punishable criminally. Many immoral and improper acts are not punishable as crimes, but a court cannot charge a jury that the commission of such acts is lawful. Section 29 of the Penal Code, then in force, provided, among other things: "A person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a principal."

I favor an affirmance of the judgment.